UNITED STATES of America, Plaintiff,

v.

B & M USED CARS, a Partnership, Account Number 24403, including all inventory and real and personal property, Defendant.

No. C–C–86–390–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 3, 1987.

See also, D.C., 647 F.Supp. 732.

Charles E. Lyons, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Harold J. Bender, Bender, Lawson & Howerton, Charlotte, N.C., for William B. Cook.

Kenneth P. Andresen, Charlotte, N.C., for Michael A. Little.

J. Craig Whitley, Charlotte, N.C., Custodian for B & M Used Cars.

## MEMORANDUM OF DECISION

McMILLAN, District Judge.

The defendant's counsel and the United States Attorney agreed, several days ahead of time, to take depositions of nine government witnesses at the law offices of defendant's counsel on Monday, January 12, 1987, beginning at 10:00 a.m. Two of the witnesses had been subpoenaed to appear and to produce documents. The defendant's counsel had employed a court reporter for the depositions.

On Friday, January 9, 1987, the United States Attorney instructed the witnesses not to appear for the depositions. The United States Attorney did not notify defendant's counsel that he had instructed the witnesses not to appear.

Counsel for the defendant first heard of the United States Attorney's action about 9:30 a.m. on January 12, 1987, thirty minutes before the depositions were to begin. The United States Attorney told defend-

ant's counsel that he was planning to file a motion to stay proceedings in the case. Defendant's counsel informed the United States Attorney that they expected the witnesses to appear at the depositions.

None of the witnesses appeared at the scheduled depositions.

The United States Attorney stated at the hearing that he instructed the witnesses not to appear because he planned to file a motion to stay proceedings.

The United States did not file, and has not filed a motion to *stay* proceedings. Instead, at the hour scheduled for the depositions, the United States filed a "MOTION TO *SEAL* MOTION TO STAY PROCEEDINGS AND FOR PROTECTIVE ORDER" (emphasis added). The United States asked that the court seal the motion to stay because it "relates to" a criminal investigation and because "pursuant to Rule 6 of the Federal Rules of Criminal Procedure, disclosure of matters regarding the federal grand jury is extremely limited." Docket # 52.

At a hearing conducted by me on January 12, 1987, the United States Attorney, in response to the court's questions, stated that none of the witnesses to be deposed have testified before a grand jury or been subpoenaed to appear before a grand jury.

The United States Attorney stated that he would provide opposing counsel and the court with a copy of the motion to stay, *if* the motion was sealed from public disclosure.

■ The court is of the opinion that Rule 6 of the Federal Rules of Criminal Procedure does not apply to this *civil* forfeiture action brought by the United States, especially when the United States admits that none of the witnesses to be deposed have testified or been subpoenaed to testify before a grand jury.

■ The action of the United States in interfering with depositions it had agreed to, and in instructing witnesses which had been subpoenaed not to appear, without timely notice to opposing counsel, is reprehensible. The United States, like any other litigant, is expected to follow the rules and obey the law.

IT WAS THEREFORE ORALLY ORDERED THAT:

1. The "Motion to *Seal* Motion to Stay Proceedings and For Protective Order" was DENIED.

2. Since no motion to *stay* proceedings and no motion for a protective order was presented to the court, the court did not rule on such a request.

3. The defendant's motion to compel the deponents to appear was ALLOWED. The United States was ordered to proceed with the depositions by January 14, 1987.

4. The United States was ordered to pay the defendant's reasonable expenses, including attorneys' fees, caused by the United States Attorney's interference with the depositions. Those expenses include the attorney time spent in obtaining relief from the court.

5. The parties were ordered to attempt to agree upon an order dealing with expenses and attorneys' fees, and to report to the court in writing whether they have so agreed; they have so reported.

6. In addition, the United States has taken a voluntary dismissal of this action.

7. Sanctions, promised from the bench on January 12, 1987, are no longer necessary.